IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JANICE MCPHERSON,                )
                                 )
     Plaintiff,                  )
                                 )
v.                               )     Civil No. 12-2971-JDT/tmp
                                 )
SCAN SOURCE/SOUTHAVEN,           )
                                 )
     Defendant.                  )
                                 )

_____

**REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL**
**AND**
**LEAVE TO AMEND COMPLAINT**
_____

On November 8, 2012, plaintiff Janice McPherson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) In an order issued on November 9, 2012, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) On March 27, 2013, this case was referred to the United States Magistrate Judge for case management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, ECF No. 5.) This matter is before the court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim for relief, with leave to amend the complaint within twenty (20) days.

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. (Compl. at 1.) She alleges that "I Janice McPherson is filing a continuation of pay claim. I would like Scan Source to paid me for all my medical bills. That I have pay out of my pocket. I am still under doctor care now [since] 05/2011." (Id. at 2.) In terms of the relief sought, plaintiff states that "I would like Scan Source to pay me for the idea that I am total [disabled] for the rest of my life. I feel I lost my job because of retaliation when I was injured. I wasn't [disabled] until the year 2011 thru – 2012 when doctor told me I [can't] work a full job anymore like I use to in 1999. I am still under doctor care now [since] I been fired." (Id. at 3.) Attached to plaintiff's complaint is a document titled "Acknowledgment of Initial Report of Loss," indicating a possible on-the-job injury for plaintiff on November 9, 2010. Also attached to the complaint are documents indicating that plaintiff received food stamps and Social Security disability benefits in 2012.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

>   (ii)   fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards

than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating "[n]either this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

As mentioned above, the plaintiff brings this action under 42

U.S.C. § 1983.  To state a claim under § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Plaintiff cannot sue Scan Source under § 1983 because it does not act under color of state law.  "A § 1983 plaintiff may not sue purely private parties."  Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999).  Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state."  Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997).  The complaint does not allege that the actions of the defendant can be attributed to the state.

Although not entirely clear, it appears that the plaintiff is claiming that she was terminated due to a disability, as a result of an on-the-job injury.  Under the Americans with Disabilities Act of 1990 ("ADA"), an employer is prohibited from discriminating against a qualified individual with a disability with respect to compensation, conditions or privileges of employment.  42 U.S.C. §

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

12112(a). Plaintiff must prove the following elements to establish a *prima facie* case of discrimination in violation of the ADA: (1) she is an individual with a disability; (2) she is otherwise qualified to perform the essential functions of her job requirements, with or without reasonable accommodation; (3) she suffered an adverse employment action because of her disability; (4) the employer knew or had reason to know of her disability; and (5) after rejection or termination, the position remained open, or the disabled individual was replaced by a member outside the protected class. Hopkins v. Electronic Data Sys. Corp., 196 F.3d 655, 660 (6th Cir. 1999). Although the complaint, arguably, alleges sufficient facts to show that plaintiff is an individual with a disability and her employer knew or had reason to know about her disability, there are no allegations that she was otherwise qualified to perform the essential functions of her job requirements, with or without reasonable accommodation; that she suffered an adverse employment action *because of* her disability; or that after her termination, the position remained open, or she was replaced by a member outside the protected class.

Therefore, it is recommended that the complaint be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that plaintiff be ordered to amend her complaint within twenty (20) days from the entry of the order, to set forth factual allegations sufficient to state a claim for relief under the ADA.

The amended complaint must be typed or hand-printed and plaintiff must personally sign the amendment. Plaintiff should be warned that failure to timely comply with the court's order will result in the dismissal of the complaint in its entirety.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 1, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**